**Michael P. DAWLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–9101–IF–19.**

Court of Appeals of Indiana,
Third District.

Oct. 31, 1991.

Rehearing Denied Jan. 23, 1992.

Richard J. Thonert, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Michael Dawley was convicted of the moving traffic violation of exceeding the speed limit and now appeals.

Two issues are dispositive of this appeal:

(1) whether the trial court erred in allowing the police officer to testify regarding the radar gun which was used to clock the defendant's speed; and

(2) whether there was sufficient evidence to support the judgment.

■ A speeding charge is an infraction which only has to be proved by a preponderance of the evidence. *Carson v. State* (1983), Ind.App., 459 N.E.2d 734.

■ There was no error in the admission of the police officer's testimony of the results of the radar gun, as the appellant alleges. Before the results of the CMI speed gun used by the police officer were admitted, the police officer testified that he had been trained in the operation of the unit by the Allen County Police Department and that he was a certified operator of the unit. Appellant claims that this is not sufficient to show that he was certified and that the officer's testimony is hearsay. Appellant relies on the case *Smith v. State* (1986), Ind.App., 502 N.E.2d 122, which held that the State must prove that a police officer is a certified breathalyzer operator. This can be done by introducing the card which states that the officer is a valid chemical test operator. However, the officer in this case was not conducting a breathalyzer test. He was operating a speed gun and testified that he was certified.

Furthermore, IND.CODE § 9–30–6–5 requires police officers to be certified in the use of a breathalyzer test. There is no similar statutory requirement for radar guns. The State did not have to introduce further evidence to prove certification.

■ Before the results of a radar test may be admitted, the State must demonstrate that the radar device was properly operated and regularly tested. *Id.* at 125. The police officer testified that he activated the unit and checked the calibration of the unit. He explained how he checked the calibration of the unit and that the unit was in good working condition on the date in question. He explained that the units were inspected annually and that the unit he was using had been inspected. It was not necessary for the State to offer an expert to explain the "use of radar or the CMI Radar Unit" or an expert technician to explain "the theory and proper operation or reliability or maintenance of the CMI Radar Unit," as suggested by appellant. The officer's testimony was sufficient to meet the foundational requirements of *Smith*.

Appellant-defendant complains that neither the particular speed zone nor the law which he violated was established by the State. He argues that writing IND.CODE § 9–4–1–57(c) on the ticket is insufficient to inform him or the trial court of the violation.[1]

■ In completing the "information and summons" or as more commonly called, the traffic ticket, the police officer, Officer Kerfoot, wrote that defendant had exceeded the posted speed limit, driving 67 m.p.h. in a 50 m.p.h. zone, which was contrary to the form of the state statute, IND.CODE § 9–4–1–57(c).

To begin with, this traffic ticket complies with IND.CODE § 9–4–1–62 (1990 Supp.):[2]

"In every charge of violation of any speed regulation in this chapter, the complaint or affidavit, and the summons, warrant, or notice to appear, shall specify the speed at which the defendant is alleged to have driven, and the prima facie or fixed speed applicable within the district or at the location."

However, appellant contends that the officer should have specifically designated

1. IND.CODE § 9–4–1–57(c) was amended by P.L. 2–1991, Sec. 9 and is now IND.CODE § 9–21–5–3.

2. This statute is now IND.CODE § 9–21–8–53 (1991 Supp.).

which subsection of IND.CODE § 9–4–1–57(c) (1990 Supp.) was applicable. This statute reads:

"(c) The maximum speed limits set forth in this section may be altered as follows:

(1) By local jurisdictions under section 58 of this chapter.

(2) By the Indiana department of transportation under section 61 of this chapter.

(3) By the transportation finance authority under IC 8–15–2–17.2.

(4) For the purposes of speed limits on a highway on the national system of interstate and defense highways, by the Indiana department of transportation, by order of the commissioner, to conform to any federal regulation concerning state speed limit laws.

(5) By all jurisdictions, in worksites, under section 60.1 of this chapter."

The police officer did not have to identify which subsection was applicable. The officer wrote on the ticket that the defendant had exceeded the maximum speed limit for the state road which was governed by IND. CODE § 9–4–1–57(c). Section (c) was designated since the speed limit had been altered and was not in accordance with the maximum speed limits set in section (a) of the statute. Sufficient notice of the charge was provided.

At trial, the police officer explained that he pulled over the defendant on State Road 37, west of Goeglein Road, in Allen County, because the defendant was driving 65 m.p.h. in a 50 m.p.h. zone. It was not hearsay, as the appellant contends, for the officer to state what posted speed limit he saw on the road.

Since the speed limit had been altered, it was no longer specified by state statute, IND.CODE § 9–4–1–57 (1988 Ed.) (now IND.CODE § 9–21–5–2), which provides the maximum speed limits. Therefore, the court could not take judicial notice of the speed limit. The State needed to prove the altered speed limit. In so doing, the State needed to show what governmental entity had established the altered speed zone under subsection (c) of IND.CODE

§ 9–4–1–57. By failing to establish the altered speed limit, the State has failed to establish all of the elements of its case.

Reversed.

STATON and SHIELDS, JJ., concur.