**Alphonso L. CHARLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9408–CR–311.

Court of Appeals of Indiana,
Third District.

May 31, 1995.

Mitchell W. Hicks, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

A jury found Alphonso L. Charley ("Charley") guilty of possession of cocaine within 1000 feet of school property, a class B felony[1], and failure to pay the Controlled Substance Excise Tax ("CSET"), a class D felony[2], for which he was sentenced to eleven and one-half years in prison. In his appeal, Charley presents three issues for our review which we restate as follows:

I. Whether the trial court erred in admitting evidence regarding the measurement taken to determine whether he possessed cocaine within 1000 feet of school property.

II. Whether his convictions for possession of cocaine and failure to pay the CSET violate the principle of double jeopardy.

III. Whether possession of cocaine within 1000 feet of school property is a lesser included offense of failure to pay the CSET.

We affirm.

The facts most favorable to the State reveal that on November 5, 1993, a Fort Wayne police officer was patrolling an area in the vicinity of the Irwin Elementary School, a location known for excessive drug trafficking. During his patrol, the officer noticed several men including Charley who began to disperse upon seeing the police. The officer observed Charley drop a tote bag to the ground and then kick it under a concrete parking stop. After apprehending Charley, the officer retrieved the bag which contained eleven rocks of crack cocaine. Charley was arrested and convicted of the aforementioned crimes. He now appeals.

## I.

### *Measurement Device*

Charley contends that the trial court erred in admitting evidence regarding the measurement taken by police to determine the distance of his possession of cocaine from the school property. We note that the trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied.* Relevant evidence is not inadmissible merely because it is prejudicial. *Id.*

Charley states that the trial court erred in allowing evidence regarding the distance of the drug possession from the school property because the State failed to lay an adequate foundation regarding the accuracy and reliability of the measuring device utilized by the police to measure the distance. Charley argues that the measuring device should be subject to the same foundational requirements necessary for the admission of results taken from breathalyzer tests and radar devices, and that expert testimony should be required to lay the necessary foundation.

We note initially that the drug possession statute, I.C. 35–48–4–6, is silent as to how or

---

**1.** Ind.Code 35–48–4–6(b)(2) (1993).

**2.** I.C. 6–7–3–11.

with what device the distance should be measured to determine whether a defendant was within 1000 feet of school property and this court has yet to address the issue. Therefore, we look to the foundational requirements for results taken from other tests for guidance in determining this issue.

Charley suggests that we should follow the standard required for breathalyzer tests. For the results of a breathalyzer test to be admissible, three foundational elements must be demonstrated: (1) that the test was administered by an operator certified by the State Department of Toxicology; (2) that the equipment used in the test was inspected and approved by the State Department of Toxicology; and (3) that the operator used techniques approved by the State Department of Toxicology. I.C. 9–30–6–5(d); *English v. State* (1992), Ind.App., 603 N.E.2d 161, 163, *reh. denied.*

However, we observe that the use of a measuring device to determine distance, unlike the use of a breathalyzer test, is not scientifically complex and need not require the same foundational elements necessary for the admission of a breathalyzer test. Moreover, the foundational elements for breathalyzer tests are specifically required by statute whereas the cocaine possession school zone statute is silent as to how the distance should be measured. Thus, we reject Charley's contention that the breathalyzer test standard should be applicable here.

Instead, the use of a measuring device is more akin to the use of less scientific processes such as radar guns, speedometers, and weights, and we look to the necessary foundational requirements for these devices to determine this issue.

■ For admission of radar test results, the State must demonstrate that the radar device was properly operated and regularly tested. *Dawley v. State* (1991), Ind.App., 580 N.E.2d 366, 367, *reh. denied.* An officer's testimony that he tested the radar unit and checked the calibration, and his explanation that the unit was in good working order and inspected annually, was sufficient to meet

foundational requirements. *Id.* It is unnecessary for the State to offer an expert to explain the proper operation, reliability or maintenance of the radar unit. *Id.*

■ In weight cases, this court has similarly determined that the State must prove that the scales used were tested before and after their use. *Robinson v. State* (1994), Ind.App., 634 N.E.2d 1367, 1374. The burden of producing evidence then shifts to the defendant. *Id.* Thus, the question of accuracy is ultimately a question for the trier of fact. *Id.*

Because there are no statutory requirements regarding the method of measurement or the operation of a measurement device, and because there is no complex scientific process necessary to obtain a measurement of distance as distance can be measured with a yard stick or even a tape measure, we reject Charley's contention that the State was required to offer expert testimony regarding the operation or accuracy of the measuring device used in this case. *Cf. Dawley, supra,* at 367. Moreover, we determine that the State is only required to show that the measuring device was accurate and was operated correctly in order to allow the admission of the distance as evidence. *Id.*

■ Our examination of the record indicates that the police used a measuring wheel to determine the distance of Charley's cocaine possession from the Irwin Elementary School. Prior to admitting evidence of the actual distance, the State presented the testimony of Officer Michael Voorhies who indicated that the police use a Measure Master measuring wheel to measure the distance of a defendant's cocaine possession from a school. The officer noted that when his narcotics department purchased the device, it came calibrated, and that prior to taking a measurement, the device can be reset to zero by pressing a button. Voorhies then testified that he reset the device to zero and measured the distance to be 802 feet.[3] He indicated that the device was working properly and the measurement seemed consistent with

---

3. The record indicates that prior to Officer Voorhies' testimony regarding the distance he registered on the measuring wheel, defense counsel lodged an objection which was overruled.

other measurements he had previously made in that area.

The record also reveals that Detective Thomas Linsky later testified regarding the accuracy of the measuring device. Linsky stated that he had previously tested the device for accuracy and that his test measurement was accurate, and that no damage had been done to the device since that test.[4]

Based upon the simple nature of the measuring device utilized here, we determine that Officer Voorhies' testimony was sufficient to lay an adequate foundation prior to the admission of the distance of Charley's possession of cocaine from the school. Moreover, Charley has failed to present any evidence to indicate that the measuring wheel was inaccurate or unreliable. Accordingly, we conclude that the trial court did not abuse its discretion in admitting his testimony regarding the 801 feet. *Kremer, supra,* at 1073.

■ Finally, we note that the legislative intent behind the 1000 feet drug-free zone surrounding our schools is plain: to punish those who deal drugs within 1000 feet of school property. *Steelman v. State* (1992), Ind.App., 602 N.E.2d 152, 157. In *Steelman,* this court determined that a surveyor's line of sight technique was sufficient under the statute. *Id.* Similarly, Officer Voorhies' use of an accurate, reliable measuring wheel to determine whether Charley possessed drugs within the 1000 feet of school property comports with the legislative intent of the statute. Accordingly, we find no error here.

## II.

### *Double Jeopardy*

■ Charley contends that his convictions for possession of cocaine within 1000 feet of school property and failure to pay the CSET violate the double jeopardy clause of the Fifth Amendment because his conviction and sentence for failure to pay the CSET is a successive punishment to his conviction and sentence for possession of cocaine. We disagree.

This court has recently determined that the double jeopardy clause will not be implicated when a defendant is convicted of failure to pay the CSET contemporaneous with a conviction for an underlying drug offense. *Anderson v. State* (1995), Ind.App., 649 N.E.2d 1060, 1062 (citing *Clifft v. Indiana Dept. of State Revenue* (1994), Ind.App., 641 N.E.2d 682, 693; and *Missouri v. Hunter* (1983), 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535).

Here, Charley's conviction for failure to pay the CSET was contemporaneous with his underlying conviction for possession of cocaine within 1000 feet of school property and thus, double jeopardy was not implicated. *Id.* Accordingly, we reject Charley's contention that his convictions for both offenses violated double jeopardy.

## III.

### *Lesser Included Offense*

■ Finally, Charley contends that possession of cocaine within 1000 feet of school property is a lesser included offense of failure to pay the CSET and thus, his sentence for the lesser included offense cannot stand.

An offense may be included if it is established by proof of the same material elements or less than all the material elements required to prove the offense charged, or differs from the offense charged only in respect that a less serious harm or risk of harm to the same person, property, or public interest, or a less kind of culpability is required to establish its commission. I.C. 35–41–1–16; *Bigler v. State* (1992), Ind.App., 602 N.E.2d 509, 520, *trans. denied; Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098.

The material elements of I.C. 6–7–3–11 are: (1) knowingly or intentionally; (2) deliver, possess, or manufacture a controlled substance; (3) without having paid the tax due. The material elements of I.C. 35–48–4–6(b)(2) are: (1) acting without a valid prescription; (2) knowingly or intentionally; (3) possess less than 3 grams of cocaine; (4) in or on

---

4. During the testimony of Detective Linsky regarding the accuracy of the device and in response to a defense objection, the trial court noted that the measurements taken by the police were common sense measurements not scientific measurements requiring expert testimony.

school property or within 1000 feet of school property.

The record reveals that the charging instruments filed against Charley contain language which mirror the statutory language. Review of the elements indicate that each offense requires proof of at least one element which the other does not as I.C. 6–7–3–11 requires possession of cocaine without having paid the tax due and I.C. 35–48–4–6(b)(2) requires possession of cocaine within 1000 feet of school property. Thus, neither offense is statutorily included in the other. *Bigler, supra,* at 521. We therefore reject Charley's contention that possession of cocaine within 1000 feet of school property is a lesser included offense of failure to pay the CSET.

Affirmed.

GARRARD and NAJAM, JJ., concur.