James A. FASSINGER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 64S04–9605–CR–372.

Supreme Court of Indiana.

May 22, 1996.

Garrett V. Conover, Chesterton, John M. Vouga, Portage, for Appellant.

Pamela Carter, Attorney General, David A. Arthur, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Having assessed Indiana's drug tax against appellant James Fassinger and received some payment under the assessment, the State now seeks to try him for criminal possession of marijuana. Double jeopardy prevents it from doing so.

The prosecutor of Porter County charged appellant James Fassinger with three counts of delivery of marijuana, a class D felony, Ind.Code Ann. § 35–48–4–10 (West Supp. 1995), on December 15, 1993. The Indiana Department of State Revenue subsequently issued a "jeopardy assessment" against Fassinger for about $17,000 in tax, penalties, and interest, in accordance with our Controlled Substances Excise Tax ("CSET"), Ind.Code Ann. ch. 6–7–3 (West Supp.1995), for possessing that marijuana (about seven ounces in all).* Fassinger began to make payments on the tax during the spring of 1994. The record on appeal shows $450 in payments, though, of course, we do not know how much of the assessment Fassinger has since satisfied.

In January 1995, Fassinger moved to dismiss the criminal charges, which were still pending. He contended that criminal prosecution was barred by the Fifth Amendment prohibition against double jeopardy. The trial court denied his motion, and the Court of Appeals affirmed. *Fassinger v. State*, 656 N.E.2d 1163 (Ind.Ct.App.1995). The motion should have been granted.

Both the trial court and the Court of Appeals ruled on Fassinger's motion before we issued a series of decisions concerning Indiana's drug tax in late 1995. In one of those cases, *Bryant v. State*, 660 N.E.2d 290 (Ind.1995), we held that federal double jeopardy attaches in Indiana's CSET when the Department issues its jeopardy assessment. This assessment is in effect a judgment upon which the government can levy until such time as the assessment may be overturned or collection stayed. *Id.* at 299.

Having suffered a jeopardy through the tax system, Fassinger cannot be placed in jeopardy again through the criminal courts. *Bailey v. Indiana Dep't of State Revenue,*

* Fassinger had sold most of the marijuana to an     undercover agent for a total of $800.

660 N.E.2d 322, 324 n. 3 (Ind.1995). While the State has argued that Fassinger was not placed in jeopardy by the Department because he did not challenge the assessment against him, the assessment is no less a jeopardy because Fassinger effectively "pled guilty" to it. A criminal defendant who pleads guilty to theft cannot be tried a second time for the same theft just because the first conviction was entered pursuant to a plea of guilty.

We grant transfer and vacate the opinion of the Court of Appeals. The judgment of the trial court is reversed and the matter remanded with instructions to grant the motion to dismiss.

DICKSON and SELBY, JJ., concur.

DeBRULER, J., dissents without separate opinion.

SULLIVAN, J., dissenting, would deny transfer, finding the opinion of the Court of Appeals in this case, 656 N.E.2d 1163, consistent with his position in *Bryant v. State*, 660 N.E.2d 290, 303 (Sullivan, J., dissenting), *petition for cert. filed*, 64 U.S.L.W. 38 (U.S. Mar. 26, 1996) (No. 95–1567).