**Gene C. MARLATT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 12A04–9808–CR–432.

Court of Appeals of Indiana.

Sept. 9, 1999.

Roger L. Miller, Miller & Martin, Frankfort, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Michael McLaughlin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

BAKER, Judge

Appellant-defendant Gene C. Marlatt appeals his conviction for speeding, claiming that the trial court erred in denying his motion to dismiss made at the close of the State's case-in-chief. Specifically, he maintains that the State failed to lay an adequate foundation for the admissibility of radar test results.

*FACTS*

The facts most favorable to the judgment reveal that on May 18, 1998, at approximately 6:25 a.m., Indiana State Police Officer Richard Kelly stopped Marlatt for speeding in Clinton County. While using a radar device, Officer Kelly clocked Marlatt's vehicle traveling seventy miles per hour in a fifty-five mile per hour zone.

At a bench trial which commenced on August 10, 1998, Officer Kelly testified that the radar gun he used to stop Marlatt was checked three times during his shift with a tuning fork. Officer Kelly also acknowledged that an internal maintenance check had been performed which indicated that the radar lights were operational. Following the presentation of the State's case, Marlatt moved for dismissal and claimed entitlement to a judgment on the evidence because the State failed to show that the radar equipment had been tested properly or that Officer Kelly was certified to operate the radar equipment. Record at 11, 16. The trial court overruled Marlatt's motions and entered a conviction for speeding. Thereafter, Marlatt filed a motion for stay of the judgment on August 28, 1998, which the trial court granted. Marlatt now appeals.

## DISCUSSION AND DECISION

■ This court has determined that before the results of scientific tests are admissible, the proponent of the evidence must lay a proper foundation establishing the reliability of the procedure that is used. *Smith v. State*, 502 N.E.2d 122, 124 (Ind.Ct.App.1986). To lay a proper foundation for the admission of radar test results, the State must establish that the radar device was properly operated and regularly tested. *Charley v. State*, 651 N.E.2d 300, 303 (Ind.Ct.App.1995). It is not necessary for the State to offer an expert to explain the use or theory of radar. *Id.*

■ In the instant case, we initially observe that Marlatt failed to make any foundational objection at trial regarding the admissibility of the radar test results. Our supreme court has determined that an objection asserting a lack of adequate foundation must be made at the time the foundation is being laid. *Mullins v. State*, 646 N.E.2d 40, 48 (Ind.1995). Moreover, the complaining party may not object in general terms but must state the objection with specificity. *Coleman v. State*, 465 N.E.2d 1130, 1135 (Ind.1984). Inasmuch as Marlatt failed to lodge a timely objection at trial along with an explanation as to why the evidentiary foundation was inadequate, he has waived the issue.

■ Waiver notwithstanding, Marlatt urges that his conviction must be reversed in light of this court's decision in *Smith*, where we held that the State was obligated to show that a breath test was performed by a certified test operator before the test results could be admitted into evidence. *See Smith*, 502 N.E.2d at 125; *see also* IND. CODE § 9–30–6–5. However, we note that there is no corresponding requirement with respect to the admissibility of radar test results. *See Dawley v. State*, 580 N.E.2d 366, 367 (Ind.Ct. App.1991). While the better practice might be for the State to prove certification of the radar gun operator, the absence of proof in this instance merely goes to the weight of Officer Kelly's testimony and not the admissibility of the test results. *See id.* (officer's testimony that he tested the radar unit and checked the calibration and his explanation that the unit was in good working order and inspected annually, was sufficient to meet foundational requirements). Thus, the trial court properly denied Marlatt's motion to dismiss and his request for a judgment on the evidence.

## CONCLUSION

In light of our discussion above, we conclude that Marlatt has waived the issue because he did not properly object at trial as to the admissibility of the radar test results. We also note that the State was not required to prove that Officer Kelly was a certified operator of the radar equipment. Inasmuch as Officer Kelly testified that the radar gun was operational and had been tested, the test results were properly admitted into evidence. Thus, there was no error.

Judgment affirmed.

SHARPNACK, C.J., and MATTINGLY, J., concur.