Reid R. SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 07A01–0007–CR–245.

Court of Appeals of Indiana.

June 13, 2001.

Samuel S. Shapiro, Bloomington, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Reid R. Smith was convicted following a jury trial of Operating a Vehicle While Intoxicated ("OWI"), as a Class A misdemeanor. Smith stipulated that he had a prior OWI conviction within the past five years, and the trial court entered a judgment of conviction as a Class D felony. He appeals, presenting the following restated issues for our review: [1]

1. Whether the trial court abused its discretion when it admitted evidence of field sobriety tests without a scientific foundation.

2. Whether the trial court abused its discretion when it excluded the results of the portable breath test ("PBT") administered by police.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 20, 1998, at approximately 4:30 a.m., Nashville Police Officers Easterday and Griggs were dispatched to the scene of a single-car accident on State Road 46 west of Nashville. Upon their arrival, they observed Smith's car sitting in a ditch approximately twenty feet from the roadway. Although Smith had been driving toward Bloomington, his car was facing toward Nashville. When Officer Easterday approached Smith, he noticed a strong odor of alcohol on Smith's breath. Smith told Officer Easterday that he had consumed a few "shift drinks" before leaving the Seasons Lodge where he was employed as a bartender. Record at 151. Brown County Sheriff Deputies Suding

and Hertz also arrived at the scene, and they noticed that Smith's breath smelled of alcohol, that his eyes were bloodshot and glassy, and that he was unsteady in standing and walking. Smith told Deputy Suding that he had taken a "shot" of alcohol earlier that night.

Deputy Suding then conducted field sobriety tests, instructing Smith to stand on one leg, walk along a straight line, count backwards, and count to four touching his thumb to each finger. Smith failed each of the tests. Deputy Suding also administered a PBT at the scene, which revealed that Smith's blood alcohol content ("BAC") was .09. Deputy Suding subsequently transported Smith to the Brown County Sheriff's Department, where Deputy Hertz administered a certified chemical breath test. The test results revealed that Smith had a BAC of .15.

Smith was charged with OWI, as a Class A misdemeanor. A jury found him guilty as charged. Judgment was entered as a Class D felony. This appeal followed.

### DISCUSSION AND DECISION

#### Standard of Review

The trial court has broad discretion in ruling on the admissibility of evidence. *Small v. State*, 632 N.E.2d 779, 782 (Ind.Ct.App.1994), *trans. denied.* We will disturb its ruling only upon a showing of abuse of that discretion. *Id.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Baxter v. State*, 734 N.E.2d 642, 645 (Ind.Ct.App.2000).

---

1. Pursuant to our partial grant of the State's motion to dismiss Smith's appeal, we do not address issues concerning Smith's vacated conviction for Operating a Vehicle with a Blood Alcohol Content of .10 or More.

### Issue One: Field Sobriety Tests

Smith first contends that the trial court abused its discretion when it admitted into evidence Deputy Suding's testimony regarding the field sobriety tests. Specifically, Smith maintains that the State failed to demonstrate a scientific basis for the proposition that field sobriety tests are reliable indicators of intoxication.

Before the results of scientific tests are admissible, the proponent of the evidence must lay a proper foundation establishing the reliability of the procedure used. *Marlatt v. State,* 715 N.E.2d 1001, 1002 (Ind.Ct.App.1999). "Inherent in any reliability analysis is the understanding that, as the scientific principles become more advanced and complex, the foundation required to establish reliability will necessarily become more advanced and complex as well." *McGrew v. State,* 682 N.E.2d 1289, 1292 (Ind.1997). The converse of that rule is also true. *See id.*

Indiana appellate courts have not previously considered the extent to which field sobriety test results are subject to foundational requirements for admission as evidence. Our counterparts on the Illinois Appellate Court have commented on this very issue and held that "the 'walk the line,' 'one leg stand,' and 'finger to nose,' [tests] are not so abstruse as to require a foundation other than the experience of the officer administering them." *People v. Sides,* 199 Ill.App.3d 203, 145 Ill.Dec. 160, 556 N.E.2d 778, 779 (1990). We agree that the investigating officer's training and experience is the only evidentiary foundation required for the admission of field sobriety tests.

In *Charley v. State,* 651 N.E.2d 300 (Ind.Ct.App.1995), we addressed an analogous issue, namely, whether a scientific foundation was required to admit a police officer's testimony regarding a distance measurement. We determined that such testimony was "less scientific" than testimony regarding a breathalyzer test and concluded that:

> Because there are no statutory requirements regarding the method of measurement or the operation of a measurement device, and because there is no complex scientific process necessary to obtain a measurement of distance ..., we reject Charley's contention that the State was required to offer expert testimony regarding the operation or accuracy of the measuring device used in this case. Moreover, we determine that the State is only required to show that the measuring device was accurate and was operated correctly in order to allow the admission of the distance as evidence.

*Id.* at 303 (citations omitted); *see also McGrew,* 682 N.E.2d at 1292 (noting that comparison of hair follicles based upon "a person's observations under a microscope" was not a matter of "scientific principles" under Indiana Evidence Rule 702(b)).

Here, likewise, the field sobriety tests at issue do not involve any complex scientific process or principles. The test results are reported as an officer's observations about a defendant's ability to perform simple tasks. And there are no statutory requirements for conducting field sobriety tests. Accordingly, we conclude that the only evidentiary foundation required for the admission of field sobriety test results is that the officer through whom the evidence is offered establish his training and experience in administering such tests.[2] *See, e.g., Sides,* 145 Ill.Dec. 160, 556 N.E.2d at 779. Thus, the trial court did not err when it denied Smith's motion to exclude testimony about the field sobriety tests

**2.** We do not decide what foundation is required for testimony regarding the horizontal gaze nystagmus ("HGN") test, as Deputy Suding did not administer that test to Smith.

and the State did not demonstrate a scientific foundation for the tests as reliable indicators of intoxication.[3]

### Issue Two: Admissibility of Breath Test Results

Smith next argues that the trial court abused its discretion when it excluded the results of the PBT administered by police at the scene. We cannot agree.

Machine breath test results are hearsay. *Mullins v. State*, 646 N.E.2d 40, 48 (Ind.1995). For the results of a breath test to be admissible, the test operator, test equipment, chemicals used in the test, and the techniques used in the test must have been approved by the Department of Toxicology. Ind.Code § 9–30–6–5(d); *Thurman v. State*, 661 N.E.2d 900, 902 (Ind.Ct.App.1996). As the party offering the PBT results, Smith bore the burden of laying the foundation for admitting those results into evidence. *See Thurman*, 661 N.E.2d at 902. Because Smith offered no evidence to demonstrate that the PBT device has been approved by the Department of Toxicology, the results of that test were inadmissible at trial. *See State v. Johnson*, 503 N.E.2d 431, 433 (Ind.Ct.App.1987) (noting that results of PBT not approved by Department of Toxicology inadmissible at trial), *trans. denied.* The trial court did not abuse its discretion when it excluded the PBT results at Smith's trial.

Affirmed.

DARDEN, J., and BARNES, J., concur.

---

3. Here, the record shows that the State failed to elicit any testimony from Deputy Suding regarding either his training or experience in administering field sobriety tests. But Smith made no objection that the State did not lay a proper foundation for Suding's testimony or that Suding was not competent to testify that Smith had failed the tests. As such, the issue is waived. *See Tardy v. State*, 728 N.E.2d 904, 909 (Ind.Ct.App.2000) (noting a *"specific and timely objection must be made in order to preserve a claim of error in the admission or exclusion of evidence for appeal."*).