J. Kenneth Servé, J.
The defendant was convicted by a Court of Special Sessions [Milton E. Ivast, J. P.] in the Town of Albion, Orleans County, New York of speeding!, in violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law, and was fined $25. Upon this, appeal from the conviction, *133 the defendant claims that substantial errors were committed by the trial court in that opinion evidence was received as to the speed of his automobile, and that such opinions were testified to by unqualified observers. As an additional ground for the reversal of the conviction, the defendant claims that the trial court erred in not granting his motion to dismiss the information because the defendant’s rights were prejudiced when both halves of the defendant’s operator’s license were inspected by the arresting officer, and further that both halves of the defendant’s operator’s license and the prior convictions noted thereon were observed by the Trial Justice before judgment was rendered.
There is nothing in the record which discloses that there were any prior convictions noted upon the defendant’s operator’s license, and if there were such convictions so noted, the record does not disclose that the arresting officer observed the record of prior convictions. The arresting officer was asked on cross-examination if he “ thoroughly examined the license ’ ’, and he stated that he had. However, there is nothing in the record that shows that defendant was prejudiced by such examination.
As to the claim that the Trial Justice, before judgment was rendered, observed the prior convictions on the defendant’s operator’s license, the record of the trial discloses that the defendant’s attorney, without any request from the Trial Justice, placed the defendant’s operator’s license in the hands of the Trial Justice, and then the Justice merely placed the license upon a chair. There is a failure of the record to show that the Trial Justice ever examined the license.
The arresting officer testified that, in his opinion, the defendant was operating his automobile at a speed of 65 miles per hour. Prior to rendering such an opinion, this witness attempted to qualify himself as a person competent to judge the speed of a moving vehicle and render an opinion as to such speed. The testimony does not show that the witness met the required standards which would classify him as a qualified observer to estimate the speed of the defendant’s automobile. The testimony of the arresting officer as to the speed of the defendant’s automobile was objected to by counsel for the defendant on the ground that the witness had not laid the proper foundation which would permit the reception in evidence of his opinion as to speed. The objection was overruled and the testimony was received by the trial court.
The trooper, who accompanied the arresting officer at the time the defendant was arrested, was called as a witness, and he testified to his opinion as to the speed of the defendant’s *134 automobile. Prior to such officer testifying as to his estimate of the speed of the defendant’s automobile, he testified as to his prior experience in judging the rate of speed of moving vehicles. An examination of his testimony as to his qualifications discloses that he was a qualified observer and his testimony was properly received.
The only other testimony offered by the prosecution as to the speed of the defendant’s motor vehicle was the testimony of each of the officers as to their observation of the speedometer in the arresting officer’s car. One of the officers testified that the speedometer in the arresting officer’s car disclosed that while the officers were following the defendant’s automobile, such speedometer showed a speed of 67 miles per hour, and that at such time defendant’s vehicle was pulling away from the officer’s car. Reference was made in the testimony that the speedometer in the arresting officer’s car had been calibrated, but no details were given as to the calibration test and the results of such test. Due to the lack of proof in relation to the calibration test, the speedometer in the arresting officer’s car, for the purposes of this case, must be considered an untested speedometer.
Evidence of the reading of an untested speedometer is admissible, but is not, without more, sufficient for a speeding conviction (People v. Heyser, 2 N Y 2d 390). The additional proof can be supplied by the testimony of qualified observers (People v. Magri, 3 N Y 2d 562).
In this case, testimony of an unqualified observer (the arresting officer) as to his opinion of the speed of defendant’s vehicle should have been excluded when the defendant’s counsel objected thereto (People v. Tanner, 6 Misc 2d 1007). The admission of such testimony on this vital point in issue was highly prejudicial to the defendant.
The judgment of conviction is reversed and a new trial ordered in the Court of Special Sessions in the Town of Albion, Orleans County, New York. Reversal for errors of law.