Le Roy H. **CARSON**,
Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–283A45.

Court of Appeals of Indiana,
Third District.

Nov. 29, 1983.

Stephen C. Bower, Kentland, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

On October 30, 1982 LeRoy Carson and his wife were driving through the Town of Fowler on U.S. Highway 52. Carsons were observed by Fowler Police Chief James Patton and Fowler Street Superintendent Tom Tinsman as the latter two sat in Tinsman's street department pickup truck. Chief Patton determined that Carson was exceeding the 35 mph posted speed limit in Fowler so he and Tinsman gave chase. According to Patton he turned on the truck's amber and red lights and flashed his headlights but Carson failed to see them or stop. The result of all this was that a police roadblock was set up and

Carsons were stopped at gunpoint about ten miles from Fowler. After being detained for about twenty minutes, Carson was cited for speeding. In a trial by court he was convicted and was fined three dollars and costs. He appeals, raising three issues.

■ Carson first points out that IC 9–4–1–62, which concerns traffic offenses, requires that the complaint and notice to appear in a speeding charge,

"... shall specify the speed at which the defendant is alleged to have driven, and the prima facie or fixed speed applicable within the district or at the location."

He asserts that the case against him should have been dismissed since the uniform traffic ticket under which he was charged failed to set forth either speed. While we agree that the charge was subject to attack, we find that Carson waived the defect. IC 9–4–7–7(c), which relates procedure in traffic cases, expressly provides:

"Any objection to the validity or regularity of the information or process issued thereunder shall be made by the defendant before trial."

The ticket clearly disclosed that the charged offense was speeding. Carson made no objection to the sufficiency of the charge before trial. Neither did he object to the evidence proffered at trial, either as to his speed or the posted speed limit, on the ground that it was at variance with the charge, or that the charge was not sufficiently specific to permit its introduction. We conclude any objection has been waived.

■ Carson next contends that the evidence was insufficient as a matter of law to sustain the conviction. He bases this assertion upon the fact that the only evidence of his speed came from the unassisted opinions of Patton and Tinsman. That

is to say, at the trial Patton and Tinsman each testified that in his opinion Carson was travelling at 45 mph through Fowler. Each further testified that he had no special training at gauging the speed of motor vehicles by merely seeing them drive by. It was also established that no mechanical device was used to measure Carson's speed. (By the time Carson's speed was able to be checked on the speedometer of the pickup truck, they had left the city limits and Carson was travelling 55 mph, which was the posted speed.) We also note that Carson testified at the trial, but stated that he did not know how fast he had been driving through Fowler.

Carson argues that such speed "estimates" simply are not sufficiently reliable to ground a judgment. In support he cites several decisions from New York.[1] We do not find these cases persuasive of Carson's position.

Of course we agree that lay opinions of the speed of moving vehicles are always somewhat suspect. It is also obvious that the more precise such an opinion attempts to be, the more its accuracy may be challenged. One may readily distinguish "fast" from "slow"; distinguishing between 40 mph and 45 mph is a different proposition.

However, our decisions have long established that such lay opinions of speed are generally admissible in evidence. *See, e.g., Perry v. State* (1971), 255 Ind. 623, 266 N.E.2d 4; *American Motor Car Co. v. Robbins* (1913), 181 Ind. 417, 103 N.E. 641; *Louisville, N.A. & C.R. Co. v. Hendricks* (1891), 128 Ind. 462, 28 N.E. 58; *Garr v. Blissmer* (1961), 132 Ind.App. 635, 177 N.E.2d 913.

At this juncture we must point out that the charge against Carson was an infraction. Pursuant to IC 34–4–32–1(d) the burden of proof in infraction cases is merely a preponderance of the evidence.[2] The trial

**1.** *People v. Tanner* (1957), 6 Misc.2d 1007, 165 N.Y.S.2d 308; *People v. Bokman* (1962), 36 Misc.2d 132, 232 N.Y.S.2d 180; *People v. Olsen* (1968), 22 N.Y.2d 230, 292 N.Y.S.2d 420, 239 N.E.2d 354.

**2.** In his brief Carson asserts the statute is unconstitutional. However, this assertion was not made at trial or in his motion to correct errors. Its consideration has therefore been waived.

court was not bound to credit the evidence of Patton and Tinsman. However, it chose to do so. Under a preponderance of the evidence we cannot say the court erred as a matter of law.

■ Carson also points to some conflicts in the accounts of what occurred that day. However, we need not specifically address his contentions. They, in substance, ask that we reweigh the evidence. This we may not do.

Affirmed.

HOFFMAN, P.J., and STATON, J., concur.