# FOR PUBLICATION



FILED
Mar 26 2014, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BART M. BETTEAU**
Betteau Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN BYRD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  10A01-1309-IF-383 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Joseph P. Weber, Judge
Cause No. 10C03-1305-IF-6659

**March 26, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Brian Byrd ("Byrd") appeals a judgment against him for the civil infraction of Speeding[1] for driving 54 miles per hour in a 30 miles per hour zone. He alleges he was denied due process[2] because of a variance between the allegations and the proof. Because we find there was a failure of proof, we reverse.

## Facts and Procedural History

On May 9, 2013, Clark County Deputy Sheriff Donovan Harrod issued a traffic ticket to Byrd, who had been traveling on Brown Station Way. The citation alleged that Byrd had violated Indiana Code section 9-21-5-2 by driving his vehicle at 54 miles per hour on a road having a prima facie speed of 30 miles per hour.[3]

At the trial, Deputy Harrod testified that the posted speed limits on Brown Station Way progressed from 30 miles per hour up to 45 miles per hour and back down to 40 miles per hour, he had "paced" Byrd's speed for approximately half a mile and had "made a turn" to pursue Byrd at a boat marina, located in a 45 miles per hour zone. (Tr. 15, 19.) During

---

[1] Ind. Code § 9-21-5-2.

[2] The State does not respond to Byrd's due process argument, but asserts waiver. As the State observes, Byrd did not move to dismiss the citation but defended against it by testifying that his vehicle speed was not in excess of 45 miles per hour. The State claims that the omission of a motion for dismissal waived Byrd's contention on appeal. Where a defendant is charged with a criminal offense, Indiana Code section 35-34-1-4 provides that the proper procedure to challenge deficiencies in a charging information is to file a motion to dismiss the information twenty days before the omnibus date if the defendant is charged with a felony or ten days if the defendant is charged with a misdemeanor. Here, however, Byrd was not charged with a crime but was alleged to have committed an infraction. The State acknowledges this but argues that, generally, a defendant must file a motion to challenge an allegedly defective charging information. Nonetheless, the State identifies no statutory provision requiring the recipient of a traffic citation to move for dismissal to avoid forfeiture of appellate arguments. We are unpersuaded that Byrd forfeited a due process claim.

[3] Deputy Harrod also cited Byrd for failure to carry his vehicle registration in his vehicle, in violation of Indiana Code section 9-18-2-21(B). This citation was subsequently dismissed.

Deputy Harrod's cross-examination, Byrd's counsel produced a photograph purportedly taken near the boat marina, depicting a 45 miles per hour speed sign. Deputy Harrod conceded that he "may have made a mistake" as to where [the speed limit] "turns into 45." (Tr. 30-31). He also suggested that the photograph "could be wrong" and clarified that he had "said approximately that area" in his preceding testimony. (Tr. 31.) On re-direct, Deputy Harrod agreed with the prosecutor's statement that "you may have said thirty on the ticket, but in fact it was in a forty five zone." (Tr. 35.) The prosecutor then described the State's allegation as Byrd having traveled nine miles over the speed limit by going 54 miles per hour.

Byrd testified that he was traveling 45 miles per hour, having set his cruise control upon entering Brown Station Way. The trial court took the matter under advisement, expressing his belief that "there's every chance, by the time Mr. Byrd entered Clark County, he was in a forty five mile an hour zone, rather than thirty mile an hour zone." (Tr. 53.) Ultimately, the trial court entered a judgment against Byrd with the notation: "Hearing Journal Entry. Court finds defendant guilty of Speeding 50/45." (App. 5.) Byrd was ordered to pay $154.00 within 30 days. This appeal ensued.

**Discussion and Decision**

Infractions are civil, rather than criminal, in nature. Rosenbaum v. State, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), trans. denied. Nonetheless, our Legislature is undoubtedly aware that repetitive violations can result in long-term civil and potentially criminal consequences. Accordingly, the Legislature requires specificity when a speeding violation is

3

charged. These elements must be proven by a preponderance of the evidence. Dawley v. State, 580 N.E.2d 366, 367 (Ind. Ct. App. 1991). Indiana Code section 9-21-8-53(a) provides:

> In every charge of violation of a speed regulation under this article, the complaint or affidavit and the summons, warrant, or notice to appear must specify the following:
>
> (1)  The speed at which the defendant is alleged to have driven.
>
> (2)  The prima facie or fixed speed applicable within the district or at the location.

The State complied with the specificity requirements of the statute, alleging that Byrd drove 54 miles per hour in a location having an applicable prima facie speed of 30 miles per hour. However, it was also incumbent upon the State to prove those elements by a preponderance of the evidence.

Byrd produced evidence that contradicted the prima facie speed allegation. Specifically, he produced photographs of the speed limit sign in the location where he had been pulled over. The photographs depicted a speed limit of 45 miles per hour; the State did not contest the fact that this was an altered speed limit district.

The State alleged that Byrd violated Indiana Code section 9-21-5-2. This statute does not prescribe a 45 miles per hour speed limit. Rather, this statute prescribes maximum highway speed limits of 30, 55, 60, 65 or 70 miles per hour, depending upon the vehicle weight, highway designation, or urbanization, and is inapplicable to alterations of the

4

maximum speed by local jurisdictions. See Dawley, 580 N.E.2d at 368 (interpreting a prior version of the maximum speed statute, recognizing that it specified speed limits other than those municipally altered, and also finding that, where the State did not prove what governmental entity had established the altered speed zone, the State failed to establish the elements of its case).

Although the specified limits of Indiana Code section 9-21-5-2 were facially inapplicable, the trial court, with a notation "guilty of Speeding 50/45," found that Byrd had violated some other authority prescribing a 45 miles per hour speed limit. (App. 5.) However, the State did not establish the lawful basis for the 45 miles per hour zone. Byrd now asserts that he was found to have committed a violation that was not charged. He argues that this amounted to a deprivation of his due process rights, and directs our attention to Griffin v. State, 439 N.E.2d 160, 162 (Ind. 1982) (recognizing that "a conviction upon a charge not made would be sheer denial of due process").

Unlike the defendant in Griffin, Byrd did not face a criminal charge and was not convicted. In this civil matter, the process to which Byrd was due is that prescribed by statute. According to Indiana Code section 9-21-8-53(a), Byrd was entitled to specific allegations of his speed and location and the applicable prima facie or fixed speed applicable within the district or at the location. He was entitled to have those elements established by a preponderance of the evidence.

The State provided the requisite specificity, but alleged only that Byrd violated Indiana Code section 9-21-5-2 by driving 54 miles per hour in a 30 miles per hour zone. The

evidence adduced did not establish the violation alleged. And the State's concession to, but without proof of, an alternative fixed speed limit results in a failure of proof. Although in some circumstances, Byrd's conduct may have amounted to a violation of a lawfully enacted ordinance, here the State did not prove or otherwise seek judicial notice of a lawfully established altered speed zone. This left the fact-finder to speculate that Byrd violated some unspecified speeding prohibition. Our Legislature has chosen to require more than a bald assertion of speeding. Rather, the prima facie or fixed speed must be alleged and proven by the State. Too, due process requires the State to prove these specific allegations by a preponderance of the evidence. We conclude in this case that the State did not meet its burden.

Reversed.

KIRSCH, J., and MAY, J., concur.