

FILED
Jan 19 2016, 8:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Terry A. White
OLSEN & WHITE, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cary R. Coleman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 19, 2016

Court of Appeals Case No.
47A01-1506-IF-659

Appeal from the Lawrence
Superior Court 2

The Honorable William G. Sleva,
Judge

Trial Court Cause No.
47D02-1412-IF-1723

**Altice, Judge.**

**Case Summary**

[1] Cary R. Coleman appeals a judgment against him for the civil infraction of Speeding.[1] Coleman presents a number of issues, one of which we find dispositive: Did the trial court err in concluding that the altered speed limit established by Lawrence County Ordinance 5-2-1 was effective in the absence of signage giving motorists notice of the altered speed limit?

[2] We reverse.

## Facts & Procedural History

[3] Pursuant to Ordinance 5-2-1, Lawrence County has altered the speed limit on Leesville Road from the statewide default of 55 miles per hour to 35 miles per hour. During the time relevant to this appeal, however, there were no signs on Leesville Road giving northbound motorists notice of the altered speed limit. On November 29, 2014, Coleman was driving north on Leesville Road when a patrolling law enforcement officer clocked him going 46 miles per hour. The officer performed a traffic stop and ultimately issued Coleman a speeding ticket.

[4] Coleman entered a denial, and the matter was set for trial on March 2, 2015. On that date, the trial court heard arguments from the State and Coleman, who appeared pro se. Coleman conceded that he exceeded 35 miles per hour, but argued that the applicable speed limit was 55 miles per hour. In support of this contention, he argued that there are no signs giving notice of the 35 mile per

---

[1] Ind. Code § 9-21-5-2.

hour speed limit facing northbound traffic on Leesville Road. He stated that there was a speed limit sign facing southbound traffic, but that the sign had been illegally placed by a private citizen. According to Coleman, in the absence of signage notifying northbound motorists of the altered speed limit, the 55-mile-per-hour statewide default speed limit applied. The trial court continued the matter to allow the parties to procure witnesses and evidence regarding the placement of speed limit signs on Leesville Road.

[5] In the interim, the State filed a motion for summary judgment. In the motion, the State conceded that "[t]here are no traffic control devices or speed limit signs for [n]orthbound traffic on Leesville Road." *Appellant's Appendix* at 10. The State noted that there was a speed limit sign for southbound traffic on Leesville Road, and that there was "an issue as to when and how this sign was erected." *Id.* In any event, the State conceded that the sign for southbound traffic was "irrelevant to the facts and matters at issue as it controls [s]outhbound Leesville Road traffic." *Id.* The State went on to argue that pursuant to Lawrence County Ordinance 5-2-1, the maximum speed limit throughout Lawrence County is 35 miles per hour unless designated otherwise. Thus, according to the State, because there are no speed limit signs for northbound traffic on Leesville Road, the applicable speed limit is 35 miles per hour. Because Coleman had admitted that he had exceeded 35 miles per hour, the State argued that the trial court should enter summary judgment against him. Coleman filed a response in opposition to the State's motion for summary judgment and a motion to dismiss.

[6]     The parties appeared for a hearing on May 18, 2015.  After hearing argument, the trial court entered judgment against Coleman, reasoning that Indiana law does not require a sign to be posted for the 35-mile-per-hour county-wide speed limit established by Lawrence County Ordinance 5-2-1 to be applicable. Coleman was ordered to pay a fine and court costs, which Coleman paid in full. Coleman now appeals.

## Discussion & Decision

[7]     We first note that traffic infractions are civil, rather than criminal, in nature. *Byrd v. State*, 6 N.E.3d 464, 466 (Ind. Ct. App. 2014).  Thus, the State bears the burden of proving the commission of the infraction by only a preponderance of the evidence.  *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied*.

[8]     As a threshold issue, the parties dispute the nature of the order appealed. Coleman argues that the trial court granted summary judgment, while the State characterizes the order as a judgment following a bench trial.  Both positions find some support in the record.  In ruling from the bench at the conclusion of the second hearing, the trial court explained to Coleman that summary judgment was appropriate because the facts were not in dispute and the outcome of the case was controlled by application of the law.  In its written order issued following the hearing, however, the trial court made no mention of summary judgment.  Instead, the court noted that the parties had appeared "for

Court Trial" and that the State had "prove[n] by a preponderance of the evidence the allegations of the complaint." *Appellant's Appendix* at 5.

[9] Thus, it is not entirely clear whether the trial court intended to grant summary judgment or enter judgment following a bench trial. The resolution of this issue would normally dictate the appropriate standard of review. *See Ballard v. Lewis*, 8 N.E.3d 190, 193 (Ind. 2014) (explaining that "summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law"); *Serenity Springs v. LaPorte Cnty. Convention & Visitors Bureau*, 986 N.E.2d 314, 319 (Ind. Ct. App. 2013) (explaining that an appellate court will not set aside a judgment rendered following a bench trial unless it is clearly erroneous). In this case however, the distinction between summary judgment and judgment following a bench trial is of no real significance because the relevant facts are undisputed and we are presented with a pure question of law. "When the issue on appeal is a pure question of law, we review the matter de novo." *Siwinski v. Town of Ogden Dunes*, 949 N.E.2d 825, 828 (Ind. 2011).

[10] Resolution of this case turns on our determination of the applicable speed limit on Leesville Road. The parties do not dispute that the statewide default maximum speeds established by I.C. § 9-21-5-2 and applicable to Leesville Road is 55 miles per hour.[2] I.C. § 9-21-5-6 authorizes local jurisdictions to alter

---

[2] The statute sets forth different maximum speed limits depending upon vehicle weight, highway designation, or urbanization. *See* I.C. § 9-21-5-2; *Byrd*, 6 N.E.3d at 466.

these default maximum speeds within certain parameters. These altered speed limits are "effective at all times . . . when appropriate signs giving notice of the altered limit are erected on the street or highway." I.C. § 9-21-5-6(c).

[11] In enacting Lawrence County Ordinance 5-2-1, the county sought to reduce the speed limit throughout Lawrence County to 35 miles per hour. However, it is undisputed that there are no signs on Leesville Road notifying northbound motorists of the altered speed limit. Thus, pursuant to I.C. § 9-21-5-6(c), the altered speed limit was not effective as to northbound traffic, and the default speed limit of 55 miles per hour was applicable. Because Coleman was alleged to have been traveling at 46 miles per hour, he did not commit the civil infraction of speeding.

[12] We reject the State's argument that judgment against Coleman was nevertheless appropriate because he had actual knowledge of the 35-mile-per-hour speed limit due to his familiarity with the area and the presence of other speed limit signs nearby, including one on Leesville Road facing southbound traffic. I.C. § 9-21-5-6 sets forth the procedure a local jurisdiction must follow for an altered speed limit to be effective, including placing signs notifying motorists of the altered speed. A specific motorist's subjective knowledge of the speed limit is irrelevant. Even if we assume the southbound sign was valid, a point Coleman disputes, the fact remains that there were no speed limit signs controlling northbound traffic on Leesville Road. Indeed, the State conceded as much in its motion for summary judgment, noting that there were no signs facing northbound traffic and that the sign facing southbound traffic was "irrelevant."

*Appellant's Appendix* at 10.  Because there were no "appropriate signs giving notice of the altered speed limit" to northbound drivers on Leesville Road, the statewide default speed limit of 55 miles per hour was applicable.  *See* I.C. § 9-21-5-6(c).  As Coleman did not exceed that speed, the judgment against him was in error.

[13] Judgment reversed.

[14] Riley, J., and Brown, J., concur.